TATE, Judge
(dissenting).
In these three consolidated expropriation •cases, our learned trial brother and the majority have held, in scholarly and forceful opinions, that the owner of land is entitled only to the zvholesale and not to the retail value of subdivision lots taken by expropriation. I must respectfully dissent, since I think this holding is not supported by the prior Louisiana jurisprudence.
In my opinion, in making the expropriation award, the courts must award the owner the full value of the residential lots as if sold separately to willing purchasers.
It is to be remembered that the present lots expropriated were situated in a residential neighborhood in the immediate neighborhood of a number of other small residential subdivisions. We are not here ■concerned with raw pasture land suitable for residential development only after extensive improvement and with the future growth of population; this land was in a residential neighborhood and immediately available for sale, with but slight if any expense.
The property should therefore be valued for expropriation purposes as an existing residential subdivision, rather than as undeveloped acreage; and, in such case, the Louisiana courts have always heretofore awarded the landowner the full retail value of the lots taken, without deduction therefrom (as in the present instances) of brokerage fees or middleman profits upon the hypothetical assumption that, instead of selling the lots himself, the landowner would sell the land to a middleman who would hire a broker to sell the lots. See, e. g., State v. Barrilleaux, La.App., 1 Cir., 139 So.2d 242; State v. Boyer, La.App., 3 Cir., 130 So.2d 738, certiorari denied.[1]
Aside from certain treatise reference concerning the law of other states, the majority in reaching its result chiefly relies upon a quotation from Parish of Iberia v. Cook, 238 La. 697, 116 So.2d 491. As will be seen by reference to the facts of that case and the authorities cited in support thereof, the statement therein relied upon by the majority — that the test of value “is the market value of the land as a whole”, and “not * * * the aggregate of the prices of the lots into which the tract could be divided” — does not refer to subdivision land such as the present, which is now available for sale (without extensive improvement, etc.) and for which there is a present market for sale by individual lots. The cited Cook case concerned a raw tract of land which could be converted into a small subdivision of choice lots (for which there was at most a conjectural sale) only by the expenditure of a considerable sum of money; and, by the quoted statement, the Supreme Court simply meant that in *410 such circmnstances the measure of the award should be the present value of the tract as an undeveloped whole, and not the speculative value at fancy prices for individual lots, based upon the conjecture that by extensive and costly improvement the property might be converted into specialized property with a specialized market at premium prices.
In my opinion, the observations in the present dissent apply equally to the results reached in the companion Riley (143 So.2d 396) and Murrell (143 So.2d 411) decisions, rendered on the same date as herein. Nevertheless, the writer did not formally dissent from the affirmances in these companion cases, because perhaps (as the majority seems to think) the trial court in a roundabout way found as a fact that the lots taken were not presently available for sale as residential property and then used the method indicated to determine the value of the undeveloped tract as a whole. If this was the trial court’s finding of fact— and the writer has some difficulty in agreeing that it was — , the writer is not prepared to say that such factual finding was in manifest error (in the absence of which an appellate court should not disturb trial-found facts).
In this present appeal, however, I can find no justification whatsoever for any deduction in the expropriation award from the full retail value of the three lots taken. The defendant landowner had purchased the three lots on a corner in a residential subdivision. The trial court found that the gross sales price of these three residential lots, less improvements, was $4,149.00. However, in making its award, the trial court deducted ten per cent from this full value on the assumption that a single purchaser willing to buy all three lots would demand at least this much of a discount.
To me, our learned trial brother fell into error as a matter of law in so valuing the property, since there was a present market for each of the three lots to be sold separately. The value to the landowner was the full retail value of the three lots. There is absolutely no legal authority to support the arbitrary rule that the market value of land expropriated must be fixed at a lower present value as if sold to a single purchaser as a whole, rather than at the greater value to be received by the sale of the several lots to several purchasers.
Our state constitution requires that private property may not be taken for public purposes unless just and adequate compensation is paid therefor. LSA-Constitution of 1921, Article I, Section 2. In awarding a landowner the true value of property expropriated, it is thus constitutionally required “that the owner is placed in as good a position pecuniarily as he would have been had his property not been taken,” State v. Ragusa, 234 La. 51, 99 So.2d 20, 21. The owner cannot constitutionally be deprived of the full value of his private property taken for public purposes upon the artificial distinction here drawn, to-wit: that, although on the day of the taking he might have sold his property for its full value by lots to three different purchasers, nevertheless he cannot receive this full value of his lots because the test must be what a single purchaser would pay for all the lots purchased in the aggregate, as a single tract.
With the utmost respect for my brothers of the majority, the writer must very firmly dissent from their holding in this respect.

. In the cited Boyer ease, concerning land of the same nature in the immediate neighborhood taken at approximately the same time for the same highway project as the subject property, we affirmed an award to the landewner, of the full retail value of the lots expropriated. In my opinion, it is impossible to reconcile the award in the present cases with that íd the Boyer case.